11-3057-ag
Singh v. Holder

BIA
Nelson, IJ
A073 172 406

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of July, two thousand twelve.

PRESENT:
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
_Circuit Judges_.

_____

HARMINDER SINGH,
_Petitioner_,

v.                                          11-3057-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
_Respondent_.

_____

FOR PETITIONER:        Ethan P. Mandziara, Rita Isabel B. Flores, Chicago Immigration Advocates, Chicago, Illinois.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Harminder Singh, a native and citizen of India, seeks review of a June 27, 2011, decision of the BIA affirming the April 27, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his motion to reopen his immigration proceedings. *In re Harminder Singh*, No. A073 172 406 (B.I.A. June 27, 2011), aff'g No. A073 172 406 (Immig. Ct. N.Y.C. Apr. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review for abuse of discretion the denial of a motion to reopen proceedings in order to rescind an *in absentia* removal order. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). "An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where

the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). "We review the agency's factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i), an alien seeking to have his *in absentia* removal order rescinded must file a motion to reopen within 180 days of the removal order, and demonstrate that his failure to appear was due to "exceptional circumstances." However, a motion to rescind may be filed at any time if the motion is based on a lack of notice. 8 U.S.C. § 1229a(b)(5)(C)(ii).

Indisputably, Singh's motion to reopen was untimely under the 180-day period because he filed it more than eleven years after he was ordered removed *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(7)(C). Here, the agency denied Singh's motion to reopen because it determined that he had received notice of the October 1998 hearing that he failed to attend, resulting in the IJ ordering him removed *in absentia*.

3

Singh argues that he never received notice of his October 1998 hearing and, thus, the relevant time limitations do not apply to his motion to reopen. However, substantial evidence in the record supports the agency's conclusion. An August 1997 notice informing Singh of his October 1998 hearing notes that "oral notice of the contents" of the August 1997 notice was given to Singh in his "native language" or in one he understood. The October 1998 *in absentia* removal order reflects that, at "an earlier hearing," Singh had "admitted the allegations of fact in the Order to Show Cause and [had] conceded deportability." The order to show cause supports the conclusion that Singh appeared at the August 1997 hearing, admitted the allegations contained therein and conceded removability, as the order to show cause contains handwritten notations reflecting as much.

Singh argues that the record evidence is insufficient to support the agency's conclusion, particularly in light of his affidavit claiming that he did not attend any hearings in his proceedings. The agency, however, reasonably elected to credit its own records, made at the time of the proceedings in question, over Singh's self-interested affidavit sworn over eleven years afterward. Further, Singh points to nothing in

4

the record aside from his affidavit suggesting that he was not present at the August 1997 hearing or that he did not at that time receive notice of the October 1998 hearing. Accordingly, nothing in the record compels the conclusion that Singh did not receive notice of his October 1998 hearing. *See* 8 U.S.C. § 1252(b)(4)(B).

Time limitations on motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that, *inter alia*, the movant has exercised "due diligence." *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). Singh argues that the agency erred in declining to toll the applicable time limitation on the basis of ineffective assistance of counsel.

However, Singh suggests in his affidavit that he did nothing to pursue his application for relief from the summer of 1998 until January 2010 – a period of more than eleven years – and then did so only after agents from the Bureau of Immigration and Customs Enforcement ("ICE") came to his home, took his passport, and instructed him to appear for an interview with immigration authorities. "[A]n alien is required to exercise due diligence during the *entire* period he seeks to toll." *Rashid* v. *Mukasey*, 533 F.3d 127, 133 (2d Cir.

5

2008).  In the exercise of reasonable diligence, Singh should have taken *some* affirmative action directed toward his immigration proceedings during the more than eleven-year period he seeks to toll.  *See id.* (holding that due diligence required petitioner to "follow up with his attorney, and . . . if he received no response, to obtain new counsel, seek relief from the agency on his own, or take other affirmative action").

Finally, Singh argues that the agency violated his due process rights by failing to substantiate its factual conclusion with the recording of his August 1997 immigration hearing or by conducting an evidentiary hearing on the issue. He points to no authority, however, requiring the IJ to conduct any such hearing or to review the recording of the relevant hearing.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7